FILED
2023 Aug-25 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

PONSETTA SIMMONS,             §
                              §
    *Plaintiff,*              §
                              §
v.                            §        Case No. _____
                              §
UNITED PARCEL SERVICE, INC.,  §
                              §
    *Defendant.*              §

## DEFENDANT'S NOTICE OF REMOVAL

United Parcel Service, Inc. (Ohio) ("UPS"), Defendant in the above-entitled and numbered action, files this Notice of Removal of the underlying state court action under 28 U.S.C. §§ 1332 and 1441, and in support thereof, respectfully shows the following:

### I.    INTRODUCTION

1.    Defendant removes this state-law action brought by Plaintiff Ponsetta Simmons, under 28 U.S.C. §§ 1331, 1332 & 1441 and based on federal question jurisdiction and diversity jurisdiction. Simmons claims are wholly brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.* Further, UPS and Simmons are citizens of different states, and Simmons seeks damages in excess of the $75,000 threshold required for the exercise of diversity jurisdiction. UPS also files this Notice of Removal within thirty days of service of Simmons' Complaint, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

### II.    FACTUAL BACKGROUND

2.    On July 24, 2023, Simmons filed her Complaint against UPS in the Circuit Court in Colbert County, Alabama, styled *Ponsetta Simmons v. United Parcel Service, Inc.*; Case No. 20-cv-2023-900145. *See* Ex. 1, Pl.'s Complaint.

1

3. Simmons served UPS with her Complaint on July 28, 2023. *See* Ex. 2, Proof of Service.

4. UPS now timely files its Notice of Removal within 30 days of receiving service of process of Garza's Original Petition in accordance with 28 U.S.C. § 1446(b)(1).

### III.     ARGUMENTS & AUTHORITIES

Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." In the present case, the Court possesses federal question jurisdiction because all of the claims brought by Simmons are brought under Title VII of the Civil Rights Act. Furthermore, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). As explained in detail below, the requirements for federal question jurisdiction are satisfied in this case, as are both diversity jurisdiction requirements.

### *The Court Has Federal Question Jurisdiction.*

Pursuant to 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." Because Simmons explicitly asserts claims solely under Title VII, UPS is entitled to remove her lawsuit to federal court based upon federal question jurisdiction. 28 U.S.C. §§ 1331 & 1441; 42 U.S.C. §2000e, *et. seq.*

### *The Court Also Has Diversity Jurisdiction.*

Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Under this definition, UPS is not, and was not at the time this lawsuit was filed, a citizen of the state of Alabama and is completely

diverse in citizenship from Garza. *See* Ex. 1, Pl.'s Complaint at ¶ 2. UPS was incorporated in the state of Ohio and has its principal place of business in the state of Georgia. Simmons, on the other hand, is a citizen of the state of Alabama. *See* Ex. 1, Pl.'s Complaint at ¶ 1 ("Plaintiff is a resident of Colbert County, Alabama."). In other words, UPS and Simmons are citizens of different states, thereby satisfying the first requirement for diversity jurisdiction. The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case, as Plaintiff's Complaint explicitly states she is seeking back pay, front pay, retirement benefits compensatory damages, attorney fees, and punitive damages. Ex. 1, Pl.'s Complaint. at ¶ 31(A-F). These  alleged damages and attorney fees well exceed the $75,000 threshold for diversity jurisdiction.

### *Removal is Procedurally Proper.*

Venue is proper in the Northern District of Alabama, under 28 U.S.C. §1446(a), as Plaintiff's claim is pending in Colbert County and Colbert County is where a substantial part of the events giving rise to Simmons' claims allegedly occurred. *See generally* Ex. 1, Pl.'s Orig. Pet.

UPS was served with a copy of Simmons' Complaint on July 28, 2023. Ex. 2, Notice of Service. UPS now has timely filed this Notice of Removal within thirty days of service of that Complaint, as required. 28 U.S.C. § 1446(b)(3).

Pursuant to 28 U.S.C. § 1446(a), UPS attaches to this Notice of Removal true and correct copies of Plaintiff's Complaint (Ex. 1), the Notice of Service of Process (Ex. 2), true and correct copies of the state court's Docket Sheet (Ex. 3), and State Court Notice of Removal (Ex. 4), which constitute all process, pleadings, and orders served to date.

Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, UPS will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), UPS

will also file a true and correct copy of this Notice with the clerk of the Circuit Court of Colbert County, Alabama.

### III.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant United Parcel Service, Inc. (Ohio) prays the United States Court for the Northern District of Alabama assumes jurisdiction over this action being removed from the Circuit Court of Colbert County, Alabama. UPS also prays for all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Dana B. Hill*
Dana B. Hill (ASB-4649-D58B)
Shareholder
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
31 Inverness Center Parkway, Suite 120
Birmingham, Alabama 35242
Phone: (205) 271-1780
Fax: (205) 271-1799
dhill@hillhillcarter.com

and

Shannon B. Schmoyer (*Pro Hac Vice to be filed*)
Texas Bar No. 17780250
sschmoyer@sr-llp.com
William R. Liles (*Pro Hac Vice to be filed*)
Texas Bar No. 24083395
wliles@sr-llp.com
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036

**ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC. (OHIO)**

4

## CERTIFICATE OF SERVICE

I do hereby certify that I have on **August 25, 2023** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of record, and I have mailed the same to non-CM/ECF participants via United States Mail properly addressed and first-class postage prepaid, to wit:

J. WILSON MITCHELL (MIT016)
Attorney for Plaintiff
MITCHELL & BERNAUER
1905 Bruin Drive
Florence, AL 35630
(256) 767-4900 — Phone
(256) 767-4995 — Facsimile

Bennett L. Pugh
BENNETT L. PUGH (PUG004)
Attorney for Plaintiff
300 N. Montgomery Ave.
Sheffield, AL 35660
(205) 901-1116 — Phone

*/s/ Dana B. Hill*
Dana B. Hill